IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

THE COLEMAN COMPANY, INC.,

        Plaintiff,

Vs.                                            No. 11-1185-SAC

BULTON ENTERPRISES CO., LTD.,

        Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the plaintiff Coleman Company, Inc.'s timely response to the court's order to show cause (Dk. 10) and on Coleman's motion to strike the defendant's purported answer (Dk. 7). In July of 2011, Coleman Company, Inc. ("Coleman") sued in this court seeking to be indemnified from Bulton Enterprises Co. Ltd. ("Bulton"), a foreign corporation located and operating in Taiwan, for Coleman's losses and costs incurred in defending a personal injury action. The pending matters turn on whether Coleman has proof of valid service of the defendant foreign corporation and whether the defendant's answer meets federal requirements.

This action arises from a written agreement in which Bulton agreed to design, manufacture and sell electric air pumps that Coleman would purchase and sell to the consuming public as the Coleman QuickPump. As the complaint alleges, the agreement also obligated Bulton

to indemnify Coleman for losses associated with personal injuries from the use of the QuickPump.  Coleman asserts that in February of 2009 it notified Bulton of a 2008 personal injury lawsuit involving a QuickPump manufactured by Bulton and that some months later Bulton refused to accept the tender of defense.   In June of 2010, Coleman sent a demand letter seeking payment of Coleman's monetary obligations arising from its defense of the lawsuit.  Bulton responded the next month refusing the demand for compensation.  Coleman's suit seeks to recover on three causes of action:  breach of contract, indemnification, and unjust enrichment.

Coleman filed its complaint on July 15, 2011, and the court's docket sheet shows the summons issued as to Bulton on August 8, 2011.  Counsel for Coleman filed on September 20, 2011, the return of service by registered mail certifying that he had "served" the complaint and summons "[b]y mailing on the 15th day of August, 2011, a copy of the pleading in the above action as registered mail return receipt for international mail requested through the Clerk of the US District Court, District of Kansas." (Dk. 3, p. 1).  Coleman applied for a clerk's entry of default with affidavit that summarily stated the defendant Bulton had been properly served pursuant to Fed. R. Civ. P.  4(f)(2)(C)(ii) "no later than September 9, 2011," and had failed to serve an answer within the 21-day period required by Fed. R. Civ. P.  12(a)(1)(A)(i).  (Dk. 4-1, ¶¶ 3, 4).  Less than a week later, the

court promptly entered an order denying the plaintiff's application as the supporting affidavit and documentation failed to show the following: (1) that the clerk of the court had addressed and sent the mailed complaint and summons to Bulton, (2) that the registered mail return receipt had been signed by the addressee Bulton, and (3) that the service by mail pursuant to Fed. R. Civ. P. 4(f)(2)(C)(ii) was not prohibited by the Law of Taiwan. (Dk. 5).

On the same day of filing that order, the court received in the mail from the defendant Bulton a five-page document bearing the caption of this case. The return address on the envelope matched that of Bulton's address on the registered mail return receipt submitted by Coleman. Besides having the case caption, this document appeared to dispute and offer defenses to some of the allegations in Coleman's complaint. The document concluded with representation that the "[a]bove statement is by the defendant, Bulton Enterprise Co., Ltd." and with the stamped title of Bulton and a signature under it. The document was docketed as Bulton's answer. (Dk. 6).

Coleman then filed a motion to strike the pleading docketed as Bulton's answer. (Dk. 7). Coleman notes that no attorney has entered an appearance for Bulton, that the pleading docketed as its answer was filed by Bulton appearing pro se, and that a business entity may only appear in

federal court through a licensed attorney. Coleman also contends the answer fails the substantive requirements of Fed. R. Civ. P. 8(b) in not specifically either admitting and/or denying each allegation or generally denying all allegations. In Coleman's opinion, the "answer is little more than a compilation of statements that do not specifically admit or deny Coleman's allegations, avoid responding to the substance of the allegations as required by Fed. R. Civ. P.  8(b)(2), and are unrelated to the action at hand." (Dk. 8, p. 5). Coleman asks for an order striking the pleading as the defendant's purported answer. Coleman filed this motion on November 10, 2011, and certified that a copy would be sent by international mail to Bulton at its Taiwan address no later than November 11, 2011. *Id.* at p. 6. As of the date of this order, Bulton has not filed any response to this motion.

Because Coleman asserted in its motion to strike that Bulton had been served and failed to answer within the prescribed period and because Coleman had not filed anything in response to the court's earlier denial of Coleman's application for entry of default, the court ordered Coleman to show cause why this action should not be dismissed for failure to make service within the required time period.[1] Before filing the show cause order, the court waited 147 days after Coleman filed its complaint and nearly 45

---

[1] In its response to the show cause, Coleman correctly notes that the 120-day period established in Fed. R. Civ. P. Rule 4(m) does not apply to service in foreign country under Rule 4(f).

4

days after informing Coleman of the apparent deficiencies with its proof of service.  At the time of the show cause order, Coleman's motion to strike also was ripe for decision, but the motion presupposed that Bulton had been served and was required to file an answer.  The court issued the show cause order to move this case forward.

Rule 4(h)(2) provides that serving a foreign corporation "at a place not within any judicial district of the United States" must be done "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)."  Coleman relies on Rule 4(f)(2)(C)(ii) as the chosen manner of service on Bulton.

Coleman's response to the show cause order addresses the court's stated concerns over the proof of service under Rule 4(f)(2)(C)(ii).  By the affidavit of a legal secretary, Coleman establishes that all the necessary forms and payment were provided to the clerk of the court who filled out the defendant's address and sent the same by international mail, registered and return receipt required.  (Dk. 10-1).  This appears to meet the requirements of Rule 4(f)(2)(C)(ii).

Coleman also provides the affidavit of Chen Fang-yu, an attorney who resides in Taiwan and is licensed to practice there.  Chen Fang-yu avers that the larger oval-shaped stamp bearing Chinese characters and numbers is the defendant Bulton's company stamp bearing its address and its Chinese

name which the Taiwan government records show as a match to the registered English name of the defendant Bulton.  According to Chen Fang-yu, the use of "a company stamp in lieu of a signature is a normal, legal business practice in Taiwan," and the Taiwan Civil Code treats a seal affixed for this purpose as the equivalent of a signature.  (Dk. 10-2, ¶ 4).  Chen Fang-yu further avers that "Bulton's company stamp is the Taiwan equivalent of the 'Signature of Addressee' and 'Office of Destination Employee Signature' called for on the Return Receipt."  *Id*.  The attorney in Taiwan also opines that:

> 6.  Based upon my review of the Return Receipt, Bulton's company stamp on the same, and the hand-written signature on the same, the Complaint and Summons were received by Bulton through its authorized representative to accept service of the same.
> 7.  The laws of Taiwan do not prohibit service of process via mail in this manner.  Registered mail is the method of service of process approved and used by Taiwan courts in domestic cases.  Therefore, service via registered mail is not prohibited by the laws of Taiwan and is, in fact, commonly used by Taiwan courts.  Accordingly, the method of service of process used by the Plaintiff, The Coleman Company, Inc., upon the Defendant, Bulton, is not prohibited by Taiwan law.

*Id*. at ¶¶ 6 and 7.  The return receipt with Chen Fang-yu's sworn explanation constitutes "other evidence satisfying the court that the summons and complaint were delivered" to Bulton.  *See* Fed. R. Civ. P. 4(l)(2)(B).  This affidavit also meets the requirement of showing service by registered mail is not prohibited by the law of Taiwan.  *See* Fed. R. Civ. P. 4(f)(2)(C)(ii).  Based on this evidence, the court is satisfied at this time that

Coleman has obtained proper service on the defendant Bulton pursuant to Rule 4(f)(2)(C)(ii).

Coleman's motion to strike Bulton's purported answer was filed on November 10, 2011, and mailed no later than November 11, 2011. As of the date of this order, Bulton has not filed a response. This failure to file a response within time specified by D. Kan. Rule 6.1(d) means the court "will consider and decide the motion [to strike] as an uncontested motion." D. Kan. Rule 7.4(b). The Rule permits the court to do so without giving further notice to Bulton. *Id*.

The complaint alleges Bulton is "a foreign corporation located and operating in Taiwan." (Dk. 1, ¶ 2). Bulton did not deny this allegation in its purported answer. (Dk. 6). Coleman correctly argues in its motion that a business entity may not appear in federal court *pro se* or through a non-attorney corporate officer, but instead it must be represented by a licensed attorney admitted to practice in this court or admitted for purposes of this particular case only. *See Tal v. Hogan*, 453 F.3d 1244, 1254 n.8 (10th Cir. 2006), *cert. denied*, 549 U.S. 1209 (2007); *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556-57 (10th Cir. 2001). Bulton's pleading bears a company stamp and a signature under it. The docket sheet reflects that no attorney has entered an appearance on behalf of Bulton. Because of the well-established federal law that does not permit

appearances in court by a corporation *pro se* or by a non-attorney representative on behalf of the corporation, the court must strike the pleading filed on Bulton's behalf as its answer. *See Watson v. Global Energy Technologies, Inc.*, 2011 WL 1427970 at *1 (D. Utah 2011); *Under Armour, Inc. v. Hot Gear, LLC*, 2010 WL 3489936 at *1 (D. Colo. 2010), *aff'd and adopted*, 2010 WL 3489935 (D. Colo. 2010); *Joe Hand Promotions, Inc. v. George*, 2008 WL 4974783 at *1 (D. Kan. 2008).

In it response to the show cause order, Coleman also asks the court to enter default against Bulton. Instead, the court will provide the defendant with thirty days from the filing date of this order to cure its defective pleading. If this period passes without an appearance and answer for Bulton by an attorney licensed to appear before this court, the court will expect Coleman to apply again for an entry of default.

IT IS THEREFORE ORDERED that in response to the show cause order, Coleman has provided a timely and sufficient response showing that proper service appears to have been made on the defendant Bulton pursuant to Rule 4(f)(2)(C)(ii);

IT IS FURTHER ORDERED that Coleman's motion to strike the defendant's purported answer (Dk. 7) is granted, and Bulton will have 30 days from the filing date of this order to cure its defective pleading with an appearance and answer for Bulton by an attorney licensed to appear before

this court.

Dated this 3rd day of January, 2012, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge